UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

  -v-                                                               CASE NO: 5:25-CR-0125 (AJB)

YOVANI HUMBERTO MARROQUIN-RAMIREZ,
                      Defendant.

---

### OPPOSITION TO THE GOVERNMENT'S REQUEST FOR AN IMMEDIATE STAY PENDING REVOCATION HEARING[1]

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Pretrial detention is governed by 18 U.S.C. § 3142, the Bail Reform Act. In this case, the magistrate judge properly applied the Bail Reform Act, found that the government failed to meet its burden of showing that it was entitled to a detention hearing, and ordered that Yovani Humberto Marroquin-Ramirez be released pending trial.

The magistrate judge granted the government's request to stay the release order until 5:00 p.m. on Friday, March 28, 2025. The government has now requested that this Court issue an additional stay pending resolution of the government's appeal of the magistrate judge's release order. (Dkt. No. 2-1.) The defense objects to a continued stay in this matter. A stay is not

---

[1] This brief is intended solely to oppose the government's request for a stay. The defense reserves the right to file additional briefing in response to the government's motion to revoke the release of Mr. Marroquin-Ramirez pursuant to the Court's scheduling order.

warranted because the magistrate judge did not err by ordering Mr. Marroquin-Ramirez's immediate release.

## THE MAGISTRATE JUDGE CORRECTLY RULED THAT THE BAIL REFORM ACT DID NOT AUTHORIZE THE HIM TO CONDUCT A DETENTION HEARING IN THIS CASE

The Bail Reform Act authorizes the Court to conduct a detention hearing only in carefully defined, limited circumstances. The burden is on the government to establish those circumstances by a preponderance of the evidence at the initial appearance. The government did not meet its burden at the initial appearance in this case. Therefore, as discussed below, the magistrate judge correctly found that he was not authorized to schedule a detention hearing and correctly ordered Mr. Marroquin-Ramirez's release at the conclusion of the initial appearance.

A. **The Bail Reform Act Allows the Court to Conduct a Detention Hearing Only if Evidence is Presented at the Initial Appearance that One of the Factors Listed in 18 U.S.C. § 3142(f) Exists—Otherwise the Defendant Must Be Released.**

The Bail Reform Act allows the Court to conduct a detention hearing only if evidence is presented at the initial appearance that one of the seven factors listed in 18 U.S.C. § 3142(f) exists. This requires the government to (1) cite one of the seven (f) factors as a reason for requesting a detention hearing; and (2) present evidence establishing that the cited factor exists.

1. *One of the seven (f) factors must be present for the Court to conduct a detention hearing—otherwise the defendant must be released at the conclusion of the initial appearance.*

According to the plain language of the Bail Reform Act, "the judicial officer shall hold a [detention] hearing" only "in a case that involves" one of the seven factors listed in 18 U.S.C. § 3142(f)(1) and (f)(2). These factors are commonly referred to as the "(f) factors."

18 U.S.C. § 3142(f)(1) contains the first five (f) factors. It states that the government may request a detention hearing if the defendant is charged with one of the following crimes:

- a crime of violence, sex trafficking of children or by force, fraud, or coercion (18 U.S.C. § 1591), or a federal crime of terrorism (18 U.S.C. § 2332b(g)(5)(B)) for which a maximum term of imprisonment of 10 years or more is prescribed;

- an offense for which the maximum sentence is life imprisonment or death;

- an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

- any felony if such person has been convicted of two or more offenses described in the three bullet points above, or two or more state/local offenses that would have been offenses described in the three bullet points above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; or

- any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or any other dangerous weapon, or involves a failure to register as a sex offender (18 U.S.C. § 2250).

18 U.S.C. § 3142(f)(2) contains the other two (f) factors. It states that the government may request a detention hearing (or the Court may order one on its own motion) if the case involves:

- a serious risk that such person will flee; or

- a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The Supreme Court has affirmed that the plain language of the Bail Reform Act means what it says it means: "Detention hearings [are] available if" and only if one of the seven (f) factors is present. *Salerno*, 481 U.S. at 747. "Absent one of these circumstances, detention is not an option." *United States v. Singleton,* 182 F.3d 7, 9 (D.C. Cir. 1999). Every federal court of appeals that has examined this issue agrees that it is illegal to hold a detention hearing unless the government properly invokes one of the (f) factors at the initial appearance. *See, e.g.*, *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988); *United States v. Friedman*, 837 F.2d 48, 48–49 (2d Cir. 1988); *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *United States v. Twine,* 344 F.3d 987 (9th Cir. 2003); *United States v. Singleton,* 182 F.3d 7, 9 (D.C. Cir. 1999). As the Second Circuit has noted, "Section 3142(f)(1) thus performs a gate-keeping function by limiting the circumstances under which pretrial detention may be sought to the most serious of crimes." *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019) (punctuation omitted).

> 2. ***The government must establish the cited (f) factor by a preponderance of the evidence at the initial appearance.***

Simply citing an (f) factor is not enough to trigger a detention hearing. The government must do more. In order for a court to lawfully move forward from an initial appearance to a detention hearing, "the Government must establish by a preponderance of the evidence that it is entitled to a detention hearing." *Watkins*, 940 F.3d at 158. Thus, the government must establish one of the (f) factors by a preponderance of the evidence at the initial appearance. If it does not do so, the defendant must be released at the conclusion of the initial appearance.

### B. The Magistrate Judge Correctly Ordered Release at the Conclusion of the Initial Appearance Because the Government Did Not Establish an (f) Factor By a Preponderance of the Evidence.

Here, the government did not establish an (f) factor by a preponderance of the evidence at Mr. Marroquin-Ramirez's initial appearance. Accordingly, the magistrate judge correctly ordered release at the conclusion of the initial appearance.

At the initial appearance, the government sought release on the grounds that there was a serious risk that Mr. Marroquin-Ramirez would flee. (Dkt. No. 2-1 at ECF 6-7.) The government cited five facts in support of its argument: (1) the nature of the offense was illegally reentry, which necessarily means that the defendant is willing to move, including over borders; (2) the evidence against the defendant was overwhelming; (3) the defendant is a Guatemalan citizen with no known ties to the United States who by his own admission had violated immigration laws by illegally entering the United States on at least three prior occasions; (4) the defendant had previously paid an individual $15,000 to be transported across the border from Mexico into Texas and then to New Jersey; and (5) the defendant has lived in the United States and avoided detection for four years. *Id*.

The government's entire argument was based on the crime charged. The elements of illegal reentry under 8 U.S.C. § 1326 are: (1) the defendant was an alien at the time of the offense; (2) prior to the time of the offense, the defendant had been deported from the United States; (3) the defendant was found in the United States; and (4) the defendant had not received the express permission of the Attorney General to apply for readmission. 2 Modern Federal Jury Instructions-Criminal P 33A.06 (2025). The government's argument simply stated the first, second, and third elements of the crime charged and argued that the evidence of those elements is overwhelming. The government's arguments did not meet its burden.

It is black-letter law in the Second Circuit that the crime charged and its potential sentence do not establish a serious risk of flight. In *United States v. Friedman*, 837 F.2d 48 (2d Cir. 1988), the Second Circuit clearly stated that "**we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight**." *Id*. at 50 (emphasis added). District courts around the country have echoed the Second Circuit's language.[2] For example, in a published case from the Southern District of Florida, the court directly addressed this issue:

> In cases where only a serious risk of flight is at issue under § 3142(f)(2), **it is generally accepted that more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight**. A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention.

*United States v. Giordano*, 370 F. Supp. 2d 1256, 1264 (S.D. Fla. 2005) (emphasis added) (citations omitted).

The conclusion that the mere nature of the charged offense is insufficient to establish a serious risk of flight is also supported by logic. Congress is able to add charges to the list of offenses in (f)(1) for which the government may move for detention based solely on the nature of the charged offense. For example, at the time *Friedman* was decided, child pornography crimes were not listed in (f)(1). *See Friedman*, 837 F.2d at 49 (noting that Friedman, who was charged with child pornography offenses, had not been charged with a crime enumerated in (f)(1)). Where a defendant is not charged with the one of the offenses that Congress has included in (f)(1), detention simply on the basis of the crime charged is not authorized. As one court has put it, "if the charge alone warranted detention, Congress could have included it among the crimes for which

---

[2] Westlaw indicates that district courts in Connecticut, Washington, D.C., Florida, Illinois, Kentucky, New York, and Wisconsin have favorably cited *Friedman* on this issue.

detention is presumed, but it did not." *United States v. Lopez-Chilel*, No. CR 22-20141, 2022 WL 1178503, at *3 (E.D. Mich. Apr. 20, 2022). The charge in this case is not listed in (f)(1). Accordingly, the government could not rely on the crime charged to meet its burden of showing that a detention hearing was authorized under the Bail Reform Act.

### C. The Government's Additional Arguments Are Without Merit.

As discussed above, the magistrate judge faithfully applied the Bail Reform Act by ordering Mr. Marroquin-Ramirez's release at the conclusion of the detention hearing. The government argues that this faithful application of the Bail Reform Act deprived it of "its day in court to establish why the defendant should be detained pending trial." (Dkt. No. 2-1 at ECF 4.) The government should direct its complaints to Congress, which has the power to amend the Bail Reform Act. As written, the Bail Reform Act *requires* the government to proffer sufficient evidence *at the initial appearance* to establish its right to a detention hearing. The government argues that it is too hard to meet the burden required under the Bail Reform Act because a Pretrial Services Report is not generally available at the initial appearance. *Id*. Sometimes meeting one's required burden is difficult. That is simply a fact of life in the legal world. The government has options. It could more thoroughly investigate defendants before bringing charges, so that it would be able to provide the Court with sufficient information at the initial appearance to justify a detention hearing. It could work with the Probation Office to ensure that a Pretrial Services Report is available at the initial appearance. It could lobby Congress to amend the law. What the government cannot do is demand that this Court ignore the requirements of the Bail Reform Act. It cannot detain individuals without meeting its burden. It cannot ask this Court to set aside release decisions that were properly reached under the law.

Finally, the government argues that the magistrate judge "appeared to believe that defendant would return from Guatemala to appear for criminal proceedings." (Dkt. No. 2-1 at ECF 13.) The government has misstated the facts. Individuals who are taken into immigration custody are frequently, after processing, released into the United States with a notice to appear at a later date. This happens most often when immigration facilities are overcrowded and the detained individual has no history of violence. The magistrate judge was simply noting that, if Mr. Marroquin-Ramirez is not immediately deported or held in immigration custody, he would be likely be released back to his home in the Northern District of New York and would be available to appear for future court proceedings.

## CONCLUSION

For the reasons discussed above, the defense respectfully requests that the Court deny the government's request for an immediate stay.

DATED: March 27, 2025

LISA A. PEEBLES
FEDERAL PUBLIC DEFENDER
By:  */s/Lisa A. Peebles, Esq.*
Bar Roll No. 507041
Clinton Exchange, 3rd Floor
4 Clinton Street
Syracuse, New York  13202
(315) 701-0080